[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11047
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60213-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MISTY DEW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 20, 2012)

Before TJOFLAT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Misty Dew was charged in an indictment with conspiracy to commit mail fraud under 18 U.S.C. § 371, mail fraud under 18 U.S.C. §§ 1341 & 1342, and aggravated identity theft under 18 U.S.C. § 1028A(a)(1). The jury acquitted her of the conspiracy and mail fraud charges but convicted her of aggravated identity theft. On appeal, Dew argues that a conviction of a predicate felony is a necessary element of aggravated identity theft under 18 U.S.C. § 1028A(a)(1). She contends that her conviction cannot stand because she has not been convicted of mail fraud or any other predicate felony.

The inconsistency in the jury verdict is not problematic.

> [I]nconsistent verdicts—even verdicts that acquit on a predicate offense while convicting on the compound offense—should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense.

*United States v. Powell*, 469 U.S. 57, 64, 105 S. Ct. 471, 476 (1984). Here, it is equally possible that the jury, through mistake, compromise or lenity, arrived at the wrong verdict as to the charge of mail fraud and not the charge of aggravated identity theft. Dew does not argue that the evidence presented at trial was otherwise insufficient. Accordingly, we affirm.

**AFFIRMED**.

2